UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHTON SMITH, #619752, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>JOHN DAVIDS, ET AL., )<br>    Defendants. )<br> ) | No. 1:19-cv-402<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Ray Kent, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on August 26, 2021 (ECF No. 110). The R&R recommends that the Court grant Defendants' motion for summary judgment because Plaintiff cannot show a genuine dispute of material fact as to his Eighth Amendment deliberate indifference claim brought under 42 U.S.C. § 1983. The parties were given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed several objections to the R&R (ECF No. 111), and Defendants filed a response (ECF No. 112). Because Plaintiff has failed to show a genuine dispute of material fact, this Court will adopt the R&R as the opinion of the Court and grant Defendants' motion for summary judgment.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff Ashton Smith is a *pro se* prisoner who is confined by the Michigan Department of Corrections ("MDOC") in Adrian, Michigan. Plaintiff has a history of ocular disease, which led to him receiving corneal transplants sometime before the following events occurred (ECF No. 1 at PageID.5). Between August 11, 2018, and August 15, 2018, Plaintiff developed an eye infection, which was treated for two months at Duane Waters State Hospital (ECF No. 110 at PageID.755). Plaintiff's Eighth Amendment deliberate indifference claim, brought in federal court under 42 U.S.C. § 1983, arises out of Plaintiff's allegations that Defendants Spear and Leland, nurses at the correctional facility, were deliberately indifferent to Plaintiff's serious medical condition and failed to get him proper treatment (ECF No. 1 at PageID.10-11). It is undisputed that Plaintiff had a verbal altercation with Nurse Page on July 26, 2018, who is apparently a friend of the Defendants. Plaintiff asserts that because of this verbal altercation, Defendants refused to assist him during the period of August 11 through August 15 in receiving treatment for his eye infection.

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections. Plaintiff asserts a multitude of objections, which are addressed below in order of relevance.

Plaintiff objects to the R&R because he "clearly met both objective & subjective components of [the] deliberate indifference standard" (ECF No. 111 at PageID.777), while the R&R concluded that Plaintiff failed to meet both prongs. A viable Eighth Amendment deliberate indifferent claim includes a subjective and objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). When considering the subjective component, the court must ask if "the officials act[ed] with a sufficiently culpable state of mind," and when considering the objective component, the court must ask if the "alleged wrongdoing was 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Plaintiff may have shown that there is a genuine dispute as to whether he met the subjective prong of this analysis because there is relevant, directly contradictory evidence in the parties' affidavits and declarations. While Defendants take the position that they were completely unaware of Plaintiff's serious medical condition (*see Affidavit of Corrine Spear*, ECF No. 90-3 at PageID.569, ¶ 5, *Affidavit of James Leland*, ECF No. 90-4 at PageID.574, ¶ 5), Plaintiff asserts in his declaration that they were not only aware, but also that they refused to help him receive treatment (*see Declaration of Ashton Smith*, ECF No. 99-3 at PageID.676-78, ¶¶ 22, 28-32, 35-36). If Plaintiff's recitation of the facts is true, then Defendants certainly could have been subjectively deliberately indifferent to his serious medical needs. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).[1]

---

[1] Plaintiff also made the following objections: (1) that the photographs of the medication line window (*see* ECF No. 90-6) were "misrepresented" (ECF No. 111 at PageID.769); (2) that the R&R was incorrect in concluding that Defendants Spear and Leland were unaware of Plaintiff's medical condition (ECF No. 111 at PageID.770); (3) that the R&R incorrectly stated the date that Plaintiff's infection was the most serious (ECF No. 111 at PageID.770); (4) that the R&R incorrectly relied on his "history of refusing medication," which had nothing to do with the present matter (ECF No. 111 at PageID.775); (5) that the R&R erroneously concluded that Defendants did not exhibit obduracy or wantonness (ECF No. 111 at PageID.782); and (6) that the R&R relied on false or contradictory evidence in the record (ECF No. 111 at PageID.784). All of these objections are either relevant in the analysis regarding the subjective component of

3

However, even if there is a genuine dispute as to whether Plaintiff can meet the subjective component, the R&R correctly concludes that Plaintiff cannot meet the objective component of an Eighth Amendment deliberate indifference claim. While Plaintiff has asserted throughout this case that his eye infection was "urgent," "a medical emergency," and "serious" (ECF No. 111 at PageID.772-73, 777), when Plaintiff did receive treatment for his infection on August 15, 2018, at an emergency visit to Kellogg Eye Center, he initially refused treatment (*see* ECF No. 90-5 at PageID.582). If Plaintiff's infection truly was a serious medical need, why would he refuse treatment after he had been requesting it for the last five days? Although Plaintiff raises the broad objection that he met both the subjective and objective components of a deliberate indifference claim, he only discussed the subjective component, and he failed to point to any evidence in the record that would raise a genuine issue of fact regarding the objective component (*see* ECF No. 111 at PageID.777-82). Moreover, he completely failed to explain why he refused treatment for his "emergency" medical condition. The R&R makes this observation and correctly concludes that "Smith did not demonstrate a 'severe desperation for medical care'" because he refused treatment (ECF No. 110 at PageID.764).

Plaintiff next objects to the R&R because it failed to consider whether Defendants violated Michigan Department of Corrections Policy Directive ("MDOC PD") 03.04.100 (ECF No. 111 at PageID.772-73). Plaintiff asserts that under this policy directive, his eye infection would be considered "urgent" (*see* MDOC PD 03.04.100, ECF No. 111-1 at

---

Plaintiff's deliberate indifference claim, or they are completely irrelevant to the outcome of his deliberate indifference claim. These objections are all overruled.

PageID.790). And under Section RR of the policy directive, a prisoner with an urgent health condition may request health care services "by notifying staff of the problem which the prisoner believes requires an immediate health care visit" (*see* MDOC PD 03.04.100, ECF No. 111-1 at PageID.798). The staff member must then contact health care services within two hours of the prisoner's request.

Defendants assert that it was not their job to assist Plaintiff in receiving treatment for his eye in the first place because they were stationed at the I-unit medications line, where their only responsibility is to distribute the prisoners' medication through the medication window and keep the line moving (*see Affidavit of Corrine Spear*, ECF No. 90-3 at PageID.569, ¶ 6, *Affidavit of James Leland*, ECF No. 90-4 at PageID.574, ¶ 6). Plaintiff objects because the R&R concluded that assisting Plaintiff with his eye infection was not Defendants' job, which is incorrect when considering MDOC PD 03.04.100 because this policy directive places a duty on all staff members to assist a prisoner with an urgent medical need if that prisoner notifies the staff member of that need. Even if the facts are as Plaintiff asserts and Defendants refused to assist Plaintiff in receiving health care for his eye infection in violation of MDOC PD 03.04.100, violations of a state prison policy do not support a § 1983 claim. *See Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *see also Wilcox v. Lancour*, No. 2:20-cv-183, 2021 WL 230113, at *5 (W.D. Mich. Jan. 22, 2021) ("Section 1983 is addressed to remedying violations of federal law, not state law. Thus, alleged violations of prison policy governing . . . rights to deny medical services do not state a cognizable § 1983 claim.") (internal citations

5

omitted). Plaintiff's objection that the R&R improperly failed to consider whether Defendants violated MDOC PD 03.04.100 is thus overruled.[2]

Plaintiff's last objection is that the magistrate judge "did not draw all inferences in favor of the non-moving party, nor viewed the facts in the light most favorable to the non-moving party" (ECF No. 111 at PageID.777). This statement is plainly incorrect. The R&R explicitly lists the evidence established "[v]iewing the facts in the light most favorable to the non-moving plaintiff" (ECF No. 110 at PageID.766). This objection is overruled.

Given that Plaintiff's objections failed to establish a genuine dispute of material fact, the Court accepts the magistrate's recommendation to grant Defendants' motion for summary judgment (ECF No. 89). Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 110) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **GRANTS** Defendants' motion for summary judgment (ECF No. 89).

**IT IS SO ORDERED.**

Date:  September 29, 2021                           /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge

---

[2] Plaintiff also objects to the R&R's acknowledgment that "Smith acknowledged that I-unit med-line is not a [sic] appointment for general health services" because he argues that the fact he knew the med-line is not the appropriate place to request a medical appointment is irrelevant considering MDOC PD 03.04.100, which requires prison staff to help prisoners receive medical treatment for urgent healthcare matters (*see* ECF No. 111 at PageID.783). This objection is overruled because he is again asserting an objection relying on a state prison policy, which is not a cognizable claim under § 1983.

6